IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE LINCOLN ELECTRIC COMPANY, et al., | ) ) ) | CASE NO.:   1:09 CV 1886 |
| Plaintiffs, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| NATIONAL STANDARD, LLC, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) ) | |

This matter comes before the Court upon the Motion to Dismiss and/or Strike Defendant National Standard, LLC's Fifth Counterclaim and Eleventh Affirmative Defense. (ECF # 32.)

## I. BACKGROUND

On August 12, 2009, Lincoln Electric Company and Lincoln Global, Inc. (collectively "Plaintiffs") filed a three-count Complaint against National Standard, LCC ("National Standard"), alleging that National Standard infringed upon three separate patents. (ECF # 1.) In response to the Complaint, National Standard asserted, *inter alia*, a counterclaim for inequitable conduct (the "Fifth Counterclaim") and an affirmative defense of inequitable conduct (the "Eleventh Affirmative Defense"). In their Motion, Plaintiffs have moved to strike and/or dismiss the Fifth Counterclaim and Eleventh Affirmative Defense, arguing that National Standard failed to plead the Counterclaim and Defense with the particularity required by Federal Rule of Civil Procedure ("Rule") 9(b) and controlling case law. (ECF # 32 at 1-2.)

## II. DISCUSSION

The Motion currently pending before the Court is to strike and/or dismiss. Although Rule 12(f) permits a court, upon motion of a party, to strike from a pleading "an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter," motions to strike are generally disfavored. Fed. R. Civ. P. 12(f); *In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 908, 911 (N.D. Ohio 2009). Whether to grant a motion to strike is within the sound discretion of the trial court. *See id.*

A motion to dismiss is subject to a different standard. In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the counterclaim-plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the counterclaim-plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In order to survive a motion to dismiss, a claim must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

Applying that law to this instant case, this Court has carefully reviewed the Fifth Counterclaim and the Eleventh Affirmative Defense for inequitable conduct. In doing so, the Court finds that both the Fifth Counterclaim and the Eleventh Affirmative Defense were properly plead. At this stage of the litigation, National Standard has satisfied the applicable pleading

requirements, thereby allowing it to proceed in challenging the validity of the patents and Plaintiffs' right to enforce them.  Given that discovery has not yet been completed, the Court finds that to rule out the Fifth Counterclaim and the Eleventh Affirmative Defense at this stage of the litigation would be premature.  On this basis, Plaintiffs' Motion is DENIED.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Dismiss and/or Strike Defendant National Standard, LLC's Fifth Counterclaim and Eleventh Affirmative Defense is DENIED. (ECF # 32.)

IT IS SO ORDERED.

                           *s/ Donald C. Nugent*
                           DONALD C. NUGENT
                           United States District Judge

DATED: March 19, 2010