IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE LINCOLN ELECTRIC COMPANY, et al., | ) ) ) | CASE NO.: 1:09 CV 1886 |
| Plaintiffs, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | |
| NATIONAL STANDARD, LLC, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) ) | |

This matter comes before the Court upon several Motions. In particular, currently pending before this Court are Defendant's Motion for Summary Judgment that its Coreless Weld Wire Drums (and Payouts) Do Not Infringe Claim 28 of U.S. Patent No. 6,745,899 ("the '899 patent") (ECF # 52) and Motion for Partial Summary Judgment that its NS-115 CopperFree Tru-Trac Weld Wire Does Not Infringe the Asserted Claims of U.S. Patent No. 6,708,864 ("the '864 patent") or U.S. Patent No. 6,820,454 ("the '454 patent") (ECF # 70). Also pending before the Court is Plaintiffs' Motion to Strike the Unauthenticated Exhibits Submitted in Support of Defendant's Third Motion for Summary Judgment (ECF # 83), a Motion to Strike Defendant's New Evidence or, in the Alternative, for Leave to File a Surreply Instanter (ECF # 93), and a Motion to Strike Defendant's Supplemental Evidence (ECF # 129).

## I. BACKGROUND

Lincoln Electric Company and Lincoln Global, Inc. (collectively "Plaintiffs") design, develop, manufacture, and sell welding products and accessories, "including welding power sources, plasma cutters, and welding consumables such as welding electrodes or 'welding wire' which are sold in bulk wire packages." (ECF # 1 at ¶ 2.) On August 12, 2009, Plaintiffs filed a

three-count Complaint against National Standard, LCC ("National Standard" or "Defendant"), alleging that National Standard infringed upon three separate patents. (*Id.*)

In Count I of the Complaint, Plaintiffs allege that Defendant "makes, uses, imports, sells and/or offers for sale bulk welding wire in containers, including but not limited to Defendant's bulk wire drums and spools labeled as NS-115 ('infringing product'), that infringe at least claims 1, 3, 6, 11 and 12 of the '864 [p]atent in violation of 35 U.S.C. § 271." (*Id.* at ¶ 14.) In addition to Defendant's own alleged infringement, Plaintiffs claim that Defendant has induced others to infringe the '864 patent. (*Id.* at ¶ 15.) Plaintiffs seek to enjoin Defendant from infringement and seek an accounting to determine the amount of monetary damages suffered as a result of the alleged infringement. (*Id.* at ¶¶ 16-18.) Count II of the Complaint mirrors Count I of the Complaint, with the exception that it pertains to Defendant's bulk wire drums that allegedly infringe upon "at least claim 28 of the '899 [p]atent in violation of 35 U.S.C. § 271." (*Id.* at ¶ 20.) Count III of the Complaint also mirrors Count I, with the exception that it pertains to Defendant's bulk wire drums and spools that allegedly infringe upon "at least claims 1, 5 and 14 of the '454 [p]atent in violation of 35 U.S.C. § 271." (*Id.* at ¶ 27.)

On May 12, 2010, Defendant filed a Motion for Partial Summary Judgment that its coreless weld wire drums (and payouts) do not infringe claim 28 of the '899 patent. (ECF # 52.) On June 23, 2010, Defendant also filed a Motion for Partial Summary Judgment that its NS-115 CopperFree Tru-Trac weld wire does not infringe the asserted claims of the '864 patent or the '454 patent. (ECF # 70). Plaintiffs have filed Oppositions to the Motions for Summary Judgment (ECF # 64, ECF # 82 ), and Defendant has filed Reply Briefs in support of the same (ECF # 72, ECF # 73, ECF # 89). The Court held a hearing on January 12, 2011, during which

2

all counsel presented oral argument on the pending Motions. (ECF # 116.) Counsel for both parties filed Post-Oral Argument Memoranda in support of their respective positions. (ECF # 123, ECF # 124.) In addition, Plaintiffs have filed three separate Motions attempting to strike Defendant's evidence submitted in support of its Motions for Summary Judgment. (ECF # 83, ECF # 93, ECF # 193.) Having been briefed fully, the Motions are now ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of

3

a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by

4

the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual

5

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. It is with this standard in mind that the Motions for Summary Judgment shall be decided.

### III. DISCUSSION

In its first Motion for Summary Judgment, Defendant argues that its coreless weld wire drums (and payouts) do not infringe claim 28 of the '899 patent. (ECF # 52.) Stated another way, Defendant seeks partial summary judgment of non-infringement of claim 28 of the '899 patent. The basis for Defendant's Motion is that the drum products at issue do not have an inner core, which Defendant alleges is a claim limitation of the '899 patent. (*Id.* at 1.) Plaintiffs set forth an argument contrary to Defendant's position, asserting that the term "inner core" is "not a claim limitation, but a statement of intended use that defines the context in which the invention operates." (ECF # 64 at 2.)

Having thoroughly reviewed the arguments as set forth by the parties, the Court finds that a fundamental dispute exists over whether the term "inner core" is a claim limitation, or whether it is statement of intended use that defines the context in which the invention operates. Despite Defendant's arguments to the contrary, this Court finds that the dispute must be resolved through claim construction. Here, the Motion for Summary Judgment is premature, and the argument raised therein is more appropriately brought after the claims have been construed. Because a ruling on the merits is inappropriate on this issue at this point in the litigation, Defendant's Motion for Summary Judgment of non-infringement of the '899 patent is DENIED. (ECF # 52.)

In its next Motion for Summary Judgment, Defendant asserts that its weld wire products do not infringe each element of claims 1-8 and 11-15 of the '864 patent or claims 1-25 of the

'454 patent either literally or under the Doctrine of Equivalents. (ECF # 70 at 1.) Alternatively, Defendant seeks summary judgment that the asserted claims of the '864 and '454 patents are invalid under 35 U.S.C. § 102(b) for being in public use and/or on-sale more than one year before the alleged priority date for those claims. (*Id.* at 2.) The Court addresses Defendant's arguments of non-infringement and invalidity in turn.

As to its claim for non-infringement, Defendant argues that it is entitled summary judgment because at least one claim limitation of the asserted claims is absent from its product. (*Id.*, Ex. 1 at 5.) In particular, Defendant asserts:

> each of the [a]sserted [c]laims of the '864 and '454 patents require the purportedly inventive weld wire to have an 'undulating curve' or 'waveform' shape imparted on it either before or after being wound on a spool. At no point during or after the manufacturing or packaging process is the [NS-115 CopperFree Tru-Trac weld wire] given the shape of an 'undulating curve' or 'waveform.' Rather, it is manufactured – in compliance with [Defendant's NS-115 CopperFree Tru-Trac weld wire] manufacturing specifications – in the shape of a circle, or 'O'-cast.

Based upon its position that the NS-115 CopperFree Tru-Trac weld wire does not form a "undulating wave" or "waveform" without "manually deforming the wire from its intended shape," Defendant claims that the NS-115 CopperFree Tru-Trac weld wire does not infringe the asserted claims of the '864 or '454 patents literally or under the Doctrine of Equivalents. (*Id.* at 1-2.)

In opposing Defendant's Motion, Plaintiffs argue that their "testing of the wire demonstrates otherwise, and that in fact [Defendant's] current wire does not have a circular shape, but rather has an 'S' shape." (ECF # 82 at 1.) Plaintiffs assert that, on this basis alone, Defendant's Motion should be denied. (*Id.*) Defendant responds that Plaintiffs have failed "to account for the circumstances behind these test results" and claims that "a single test cannot

7

overcome [its] contradictory evidence. . . ." (ECF # 89 (quotation omitted).)

In seeking summary judgment of non-infringement, Defendants must demonstrate that there is no genuine issue of material fact as to whether its product lacks at least one element in each of the asserted claims. Here, the Court finds that Defendant is unable to satisfy that burden. Based upon the argument and evidence before it, the Court finds that there is a genuine issue of material fact as to whether the allegedly infringing product has a S-shaped or an O-shaped cast. Given this genuine issue of material fact, Defendant's Motion for Summary Judgment based upon non-infringement is DENIED. (ECF # 70 at 1.) Further, having found a genuine issue of material fact as to whether the allegedly infringing product has a S-shaped or an O-shaped cast, the Court need not address Defendant's alternative argument that the asserted claims are invalid under 35 U.S.C. § 102(b). (ECF # 70, Ex. 1 at 2 (urging the Court to consider its alternative argument only "if one accepts as correct [Plaintiffs'] infringement allegations that the asserted claims do read on [Defendant's NS-115 CopperFree Tru-Trac Weld Wire]").

The Court now turns to Plaintiffs' Motions to Strike. Plaintiffs have filed three Motions, namely a Motion to Strike the Unauthenticated Exhibits Submitted in Support of Defendant's Third Motion for Summary Judgment (ECF # 83), a Motion to Strike Defendant's New Evidence or, in the Alternative, for Leave to File a Surreply Instanter (ECF # 93), and a Motion to Strike Defendant's Supplemental Evidence (ECF # 129). As indicated previously, the Motion for Summary Judgment for non-infringement of claim 28 of the '899 patent is denied as premature, having been brought prior to claim construction. In addition, the Motion for Summary Judgment for non-infringement of claims 1-8 and 11-15 of the '864 patent or claims 1-25 of the '454 patent is likewise denied, given that a genuine issue of material exists over whether the allegedly

8

infringing product has a S-shaped or an O-shaped cast.  Further, the Court finds that it need not reach Defendant's alternative argument that the asserted claims are invalid under 35 U.S.C. § 102(b).  To the extent that a dispute persists as to the authenticity and/or admissibility of evidence, the Court shall resolve any such issues at trial.  Accordingly, Plaintiffs' Motions are DENIED without prejudice to raise the arguments therein at a later stage in the proceedings. (ECF # 83, ECF # 93, ECF # 193.)

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motions for Summary Judgment are DENIED.  (ECF # 52, ECF # 70.)  In addition, Plaintiffs' Motions to Strike are likewise DENIED.  (ECF # 83, ECF # 93, ECF # 129.)

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 28, 2011