IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE LINCOLN ELECTRIC COMPANY, et al., | ) ) ) | CASE NO. 1:09 CV 1886 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| NATIONAL STANDARD, LLC, | ) ) | |
| Defendant. | ) ) ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendant, National Standard, LLC's Motion to Compel. (ECF #179). National Standard seeks to depose Risto Pribisich, an associate at Ulmer & Berne, LLP, the firm currently acting as trial counsel for Plaintiff, Lincoln Electric Company ("Lincoln"). Plaintiffs filed an Opposition to the Motion to Compel, and the parties filed a Reply and Surreply, respectively. (ECF #191, 195, 200). Based on statements made in Lincoln's Surreply, Defendant determined that the deposition of Mr. Pribisich may not be necessary and sought to withdraw its Motion to Compel. (ECF #203). Lincoln responded to Defendant's Motion, without specifically opposing it, (ECF # 204), and Defendants filed a

Reply commenting on Lincoln's Response. (ECF #205).

National Standard originally sought to depose Mr. Pribisich about information relating to his pre-filing investigation of the claims brought in this lawsuit. As part of the pre-investigation, Mr. Pribisich cut and photographed a length of weld wire taken from a Tru-Trac reel manufactured by National Standard. The information gained from this experiment was meant to satisfy counsel that Lincoln had a valid claim prior to filing suit. The information was never intended to be used as evidence of any actual infringement during the litigation of the case. Lincoln has affirmatively pledged that "Mr. Pribisich will not be a witness on [Lincoln's claims of patent infringement], and nothing from his examination has been or will be used as evidence. At trial, Lincoln will rely on expert testimony to prove that National Standard's Tru-Trac wire infringes Lincoln's patents...." (ECF #191 at 102; ECF #204 at 2). In other words, Lincoln will not use the information gained through Mr. Pribisich's pre-filing investigation in support of its claims against National Standard.

Normally this would be the end of the inquiry regarding the necessity of Mr. Pribisich's deposition. However, in this case, National Standard has raised counterclaims asserting that Lincoln has violated the antitrust laws by bringing suit against competitors without adequate justification in order to stifle competition. The counterclaim interjects into the litigation an issue of the adequacy and legitimacy of Lincoln's pre-filing investigation. Lincoln has not waived the right to address evidence of its pre-filing investigation, including reference to the tests performed by Mr. Pribisich, in defense of the antitrust counterclaims. Although Lincoln contends that its investigation was legally adequate even without the tests performed by Mr. Pribisich, it maintains the right to introduce and/or reference that test in its defense. As such, information relating to the

methods, means, and results of that test are relevant and may well lead to the discovery of admissible evidence relating to the Defendant's counterclaims.

The parties agree that the deposition of trial counsel is allowed when "(1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Inc. Co. v. Home Insurance Co.*, 278 F.3d 621 at 629 (6th Cir. 2002), citing *Shelton v. American Motors*, 805 F.3d 1323 at 1327 (8th Cir. 1986). Lincoln has expressed its intention to present (or at least maintain the option of presenting) evidence about the test as part of its demonstration of the requisite pre-filing investigation. It also provided a Rule 30(b)(6) witness for deposition on this topic. That witness, however, was unable to answer relevant questions concerning this component of the pre-filing investigation. The 30(b)(6) witness clearly established that Mr. Pribisich is the person who would have the information sought. Further, there is evidence that Mr. Pribisich is the only person who has the requested information about the test. Therefore, absent a stipulation that the test performed by Mr. Pribisich will not be introduced or referenced in any way as a component of Lincoln's pre-filing investigation in defense against National Standard's Counterclaim or otherwise, his deposition testimony on this topic is appropriate under the applicable standard.

For the reasons set forth above, National Standard's Motion to Compel Lincoln to produce Risto Pribisich for deposition is GRANTED. (ECF #179). The deposition shall be limited to questions regarding Mr. Pribisich's examination, testing, and photographing of the NS-115 Tru Trac wire. Defendant's Motion to Withdraw Motion to Compel Based on Affirmative Representation in Surreply is DENIED, as it is premised on a misreading of the alleged affirmative representation on which it is based. (ECF #203). IT IS SO ORDERED.

                                                        /s/ Donald C. Nugent  
                                                        Donald C. Nugent  
                                                        United Stated District Judge

Date:   January 19, 2012