IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE LINCOLN ELECTRIC COMPANY, et al., | ) ) ) | CASE NO. 1:09 CV 1886 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| NATIONAL STANDARD, LLC, | ) ) | |
| Defendant. | ) ) ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendant, National Standard, LLC's Motion to Compel Production of Documents Improperly Withheld as "Privileged.". (ECF #172, 173). Plaintiffs filed an Opposition to the Motion (ECF #192), and Defendant filed a Reply. (ECF #197). The parties also had an opportunity to argue their positions before the Court, and to file post-argument briefs on this topic. (ECF #249, 250).

Defendant challenges three categories of allegedly privileged documents identified in

Exhibits B, C, and D, which were submitted at oral argument.[1] Revised Exhibit B lists thirty documents that have been withheld based solely on a claim of attorney work product. These documents include evaluations of competitor products conducted in 2008, and communications relating to such evaluations dated between May of 2008 and April of 2009. There has been testimony from one of the primary author of the evaluations (Dennis Hartman), which is supported by another Lincoln employee (Art Papineau) who was listed as an author of communications relating to the evaluations, that indicates the evaluations were performed to evaluate competitor products and packaging in order to obtain ideas for improving the Lincoln Electric product, i.e., for product development. Further, Mr. Hartman testified that the competitor wire was not tested for case, amplitude, or shape memory, all of which would have been important if the testing was related to a potential patent violation litigation. Although Mr. Whitehead, Lincoln Electric's in-house counsel indicated that there was an order issued aimed at preserving documentation relating to the evaluations, he did not specifically indicate that this was to preserve evidence for litigation, that any litigation was anticipated, or who the litigation might involve. There was not an official "litigation hold" issued for documents relevant to this litigation until May of 2009. Finally, Mr. Whitehead testified infringement testing was conducted beginning in April of 2009. Based on the above, the Court finds that the documents listed in the Revised Exhibit B,[2] were produced prior to any anticipated litigation, are not protected under the

---

[1] National Standard withdrew its request to compel the documents listed in Exhibit E.

[2] These include document numbers 1291, 1956, 2033, 2044, 2192, 2495, 2759, 2844, 2850, 2851, 2853, 2854, 2879, 2926, 2928, 2961, 2963, 3029, 3033, 3399, 3402, 3412, 3425, 3426, 3427, 3428, 3429, 3430, 3431, and 3432.

work product doctrine, and should be immediately turned over to National Standard.

Exhibit C is a 19 page list of documents from Plaintiffs' privilege log that National Standard challenges on the basis that the log information for these documents fails to provide a proper foundation for the claim of privilege.  National Standard provides no individual basis for challenging the designation of any specific entry in that exhibit.  The log information includes the sender, recipient and date of each document along with a brief description and indication of what privilege is being asserted.  This information is sufficient to satisfy the requirements of a privilege log absent some specific indication that necessary information has been withheld or is inaccurate.  See Moore's Federal Practice (3rd ed.), Vol. 6, § 26.47[1][b]; 1993 Advisory Committee Notes to Rule 26(b)(5).   The motion to compel documents listed in Defendant's Exhibit C is, therefore, denied.

Exhibit D contains and extensive list of documents which National Standard contends shows privileged documents that should be subject to a privilege waiver based on either the assertion of an "advice of counsel" defense, or general subject matter waiver based on other disclosures.  The Court does not have enough information before it at this time to discern whether a subject matter waiver should be considered, or whether a waiver is necessary due to the possibility that an advice of counsel defense may be presented or inferred from the evidence that will be presented at trial.  The motion to compel the documents listed in Exhibit D is, therefore, denied at this time.  However, if there is an advice of counsel defense raised at trial, or if privileged information is presented or otherwise disclosed at trial that would render any of the listed documents or information necessary, and properly admissible, National Standard may re-visit the waiver of privilege issue at that time.

For the reasons set forth above, Defendant, National Standard's Motion to Compel Production of Documents Improperly Withheld as "Privileged" (ECF #172) is granted in part and denied in part. Plaintiffs are hereby ordered to immediately produce the documents listed in Revised Exhibit B. IT IS SO ORDERED.

      /s/ Donald C. Nugent
Donald C. Nugent
United Stated District Judge

Date:   April 23, 2012