IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE LINCOLN ELECTRIC COMPANY, *et al.*, ) | CASE NO. 1:09 CV 1886 |
| Plaintiffs, ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| NATIONAL STANDARD, LLC, ) | |
| Defendant. ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendant, National Standard's Motion and Memorandum for Sanctions, (ECF #226), and upon Plaintiffs' Motion for Sanctions Under Fed. R. Civ.Proc. 11. (ECF #196). Both parties have had the opportunity to respond to the motions, reply to responses, argue their motions, and provide additional briefing on these matters.

National Standard claims that Plaintiffs engaged in discovery violations including preventing a deponent from answering relevant and appropriate questions during deposition, withholding documents including those previously ordered to be disclosed by the Court, improperly designating documents as privileged, destroying evidence, and having a corporate representative provide false testimony during his deposition. Consequently, National Standard seeks (1) an Order precluding Lincoln Electric from eliciting testimony regarding it July 2009 examination of Tru Trac or its communications with counsel regarding its pre-suit investigation;

(2) a jury instruction allowing the jury to make an adverse inference based on the alleged spoilation of evidence and failure to provide appropriate testimony or documentation of the July 2009 testing, and (3) an Order compelling Lincoln to produce documents relating to the July 2009 examination of National Standard wire and Mr. Hartman's benchmarking study.

The Court has already addressed motions to compel the discovery of information relating to the July 2009 examination and Mr. Hartman's benchmarking study.  This request is, therefore, denied as moot.   The other requested sanctions involve a prohibition on certain types of testimony and a request for specific jury instructions on a potential adverse inference.  The Court declines to rule on this portion of the motion for sanctions at this time.  National Standard may re-raise these issues and arguments at the appropriate time during trial, if necessary.

Lincoln, in it's Motion for Sanctions alleges that National Standard filed it's inequitable conduct affirmative defenses and counterclaims without any factual or legal basis for the allegations .  Lincoln seeks sanctions in the form of dismissal of National Standard's inequitable conduct and antitrust counterclaims and affirmative defenses, and an award of Lincoln's costs and fees associated with defending against these claims.  The Court declines to dismiss the affirmative defenses and counterclaims at this time.  Lincoln may re-raise the issue of monetary sanctions associated with the defense of these claims, if appropriate, at conclusion of case.

For the reasons set forth above, National Standard's motion for sanctions (ECF #226) is denied at this time.  However, the request for sanctions in form of testimony preclusion and particular jury instructions may be re-raised by the Defendant at the appropriate time during trial.  Lincoln Electric's Motion for Sanctions (ECF #196) seeking dismissal of the affirmative defenses and counterclaims is denied.  If appropriate, Lincoln may re-raise the issue of

monetary sanctions at the conclusion of trial. IT IS SO ORDERED.

          /s/ Donald C. Nugent
          Donald C. Nugent
          United States District Judge

Date:   April 23, 2012